JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEXANDRA OLSON, an individual on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VOLKSWAGEN OF AMERICA, INC., and DOES 1 through 500, Inclusive,<br><br>Defendants. | CASE NO. CV07-05334 R (JTLx)<br><br>**CLASS ACTION**<br><br>***REVISED* [PROPOSED] ORDER AND JUDGMENT APPROVING CLASS SETTLEMENT**<br><br>Date:  December 15, 2008<br>Time:  10:00 a.m.<br>Crtrm.: 8<br><br>District Judge: Hon. Manuel L. Real |

791631.1

The Court, after notice to the Settlement Class, held a hearing on December 15, 2008 for purposes of determining:

1. Whether the proposed settlement of the claims asserted by Plaintiff on behalf of all others similarly situated in the above-captioned lawsuit (the "lawsuit") on the terms set forth in the Agreement of Settlement dated April 25, 2008 and the exhibits thereto is fair, adequate and reasonable and should be finally approved by the Court; and

2. Whether, pursuant to the terms of the proposed settlement, a judgment should be entered dismissing Defendant VOLKSWAGEN GROUP OF AMERICA, INC. sued under its former name VOLKSWAGEN OF AMERICA, INC. ("VWGoA") from all released claims;

The Court, having heard all persons properly appearing and requesting to be heard; having considered the papers submitted in support of the proposed settlement and the oral presentations of counsel; and having considered all applicable law; and having considered any objections made to the proposed settlement; finds that there is no just reason for delay of entry of this Final Order and Judgment Approving Class Settlement.  This Final Order and Judgment adopts and incorporates the Agreement of Settlement, the terms defined herein, and all exhibits thereto.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Court finds that it has personal jurisdiction over all members of the Settlement Class and that it has subject mater jurisdiction to approve the Agreement of Settlement and all exhibits thereto.

2. The Lawsuit is hereby certified as a Class Action pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only. The Settlement Class is defined as:

> All persons who are now or have been at any time owners of record or lessees of any model year 2000-2003 Audi A4 and Audi TT vehicles equipped with 1.8 liter turbocharged engines, and all model year 1999 Volkswagen Passat vehicles equipped with 1.8 liter turbocharged engines ("Settlement Class Vehicles") distributed by defendant Volkswagen Group of America, Inc., sued herein under its former name Volkswagen of America, Inc, in its own name or doing business as Audi of America, Inc., for sale in the United States. The Settlement Class excludes persons who validly and timely exclude themselves from the Settlement Class, and persons who have settled with and released Defendant from individual claims substantially similar to those alleged in this matter.

3. The Court gives Final Approval to the settlement as fair, adequate and reasonable to each of the Parties, consistent and in compliance with all requirements of federal and California Law, as to, and in the best interest, of each Parties and the members of the Settlement Class, and directs the Parties and their Counsel to implement and consummate the Agreement of Settlement in accordance with its terms and provisions.

4. The Court declares the settlement and Final Order and Judgment to be binding on, and have *res judicata* and a preclusive effect in all pending and future lawsuits involving the Released Claims as set forth in ¶¶ 1.25 and 1.26 of the Agreement of Settlement, maintained by or on behalf of Plaintiff or any other members of the Settlement Class, as well as their heirs, executors and administrators, successors and assigns.

5. The Court finds that the multi-faceted notice program implemented

pursuant to the Agreement of Settlement: (i) constitutes the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Lawsuit, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing, and their right to seek monetary or other relief; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of due process and any other applicable requirements under federal and California law.

6. The Court finds that the Plaintiff and Class Counsel adequately represented the Settlement Class for the purpose of entering into and implementing the settlement.

7. The Court has considered all objections to this settlement filed as well as arguments of the objectors at the Final Approval Hearing. With respect thereto, the Court finds the objections ill-founded and are hereby overruled.

8. The action styled *Olson v. Volkswagen of America, Inc.*, Case No. CV07-05334, including all individual and class claims presented thereby is hereby DISMISSED on the merits WITH PREJUDICE.

9. The Court adjudges that Plaintiff and the Settlement Class have fully, finally and conclusively compromised, settled, discharged, dismissed and released any and all Released Claims against VWGoA.

10. The Court approves payment by VWGoA of an incentive award to Plaintiff ALEXANDRA OLSON in the amount of $5,000.

11. Without affecting the finality of the Final Order and Judgment for purposes of appeal, the Court reserves jurisdiction over VWGoA, the Plaintiff and the members of the Settlement Class as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Agreement of Settlement and the Final Order and Judgment, and for any and other necessary purposes.

12. Upon the Effective Date, the Plaintiff and all members of the Settlement Class who did not timely and properly exclude themselves from the Settlement Class, whether or not they returned a Claim Form within the time and in the manner provided for, are permanently barred from asserting any Released Claims against VWGoA or any of their respective agents, affiliates, assigns and other designees as set forth in paragraphs 1.25 and 1.26 of the Agreement of Settlement.

13. The Court approves the *final* Opt-Out List attached hereto as Exhibit "A," and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and accordingly, shall neither share in or be bound by the Final Order and Judgment.

14. The Parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits and amendments thereto as: (i) are consistent in all materials included with this Final Order and Judgment; and (ii) do not limit the rights of the Settlement Class Members.

15. In the event that the settlement does not become effective in accordance with the terms of the Agreement of Settlement, then the Agreement of Settlement,

1 | this Final Order and Judgment and other terms herein including the certification of
2 | the Settlement Class shall be rendered null and void and be vacated.

**IT IS SO ORDERED.**

DATED:  December 16, 2008

_____
Hon. Manuel L. Real
United States District Court Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

791631.1

8
REVISED [PROPOSED] ORDER AND JUDGMENT APPROVING CLASS SETTLEMENT